CC-98-627                                                                    1

En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| FRANKLYN W. RAMIREZ RIVERA<br>    Peticionario<br><br>    V.<br><br>DEPARTAMENTO DE SALUD Y ADMINISTRACION<br>DE SALUD MENTAL Y CONTRA LA ADICCION<br><br>    Recurrido | Certiorari<br><br>99TSPR42 |

Número del Caso: CC-98-627

Abogados de la Parte Peticionaria: Lic. María Mercedes Febus Ortiz

Abogados de la Parte Recurrida: Lic. Héctor Quijano Borges
(Méndez Méndez & Quijano Borges)

Abogados de la Parte Interventora:

Agencia Administrativa: Departamento de Salud y Administración de Salud
Mental y Contra la Adicción

Juez del Tribunal de Primera Instancia:

Tribunal de circuito de Apelaciones: San Juan

Juez Ponente: Hon. González Román

Panel integrado por:  Pres. Jueza Ramos Buonomo y los Jueces González
Román y Córdova Arone

Fecha: 3/26/1999

Materia:


Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Franklyn W. Ramírez Rivera

    Demandante

       Vs.                    CC-98-627        Certiorari

Departamento de Salud y
Administración de Salud
Mental y Contra la Adicción

    Demandado


PER CURIAM


San Juan, Puerto Rico, a 26 de marzo de 1999.


El Sr. Franklyn W. Ramírez Rivera recurre de una decisión del Tribunal de Circuito de Apelaciones mediante la cual se revocó una decisión de la Junta de Apelaciones del Sistema de Administración de Personal. Dicho foro administrativo revocó el traslado de Ramírez Rivera a la Administración de Servicios de Salud Mental y Contra la Adicción, por entender que su traslado fue con propósitos disciplinarios, en violación de la Ley de Personal de Servicio Público. Ley Número 5 del 14 de octubre de 1975, según enmendada, 3 L.P.R.A. § 1301 *et seq.* (1992). Por considerar que el traslado ordenado por la Secretaria del Departamento de Salud

fue esencialmente una medida disciplinaria, procede reinstalar la decisión administrativa, y revocar la del tribunal apelativo.

## II

El Sr. Franklyn W. Ramírez Rivera trabajaba desde 1992 en el "Programa de Salud Correccional" del Departamento de Salud. Dicho programa se creó con el propósito de ofrecer servicios de salud a la clientela del sistema correccional, y es administrado por la Administración de Facilidades y Servicios de Salud ("A.F.A.S.S.").[1] Ramírez Rivera brindaba sus servicios en el Campamento El Limón de Mayagüez.

En 1995 la Secretaria del Departamento de Salud ordenó el traslado de Ramírez Rivera a la Administración de Servicios de Salud Mental y Contra la Adicción ("A.S.S.M.C.A.")[2], por (a) "no haber completado su expediente de personal en una fecha establecida" y (b) por "anteriormente ha[ber] mostrado conducta de indisciplina".[3] En virtud del traslado, él fue ubicado en la Clínica de Niños y Adolescentes de Mayagüez.

---

[1] A.F.A.S.S. fue creada en virtud de la Ley Núm. 26 del 13 de noviembre de 1975, según enmendada, 24 L.P.R.A. § 337 *et seq.* (1979). A.F.A.S.S. es un administrador individual para propósitos de la Ley de Personal del Servicio Público de Puerto Rico, 24 L.P.R.A. § 337(d)(Sup. 1998), y está adscrita al Departamento de Salud, 24 L.P.R.A. § 337(a).

[2] A.S.S.M.C.A. fue creada en virtud de la Ley Núm. 67 del 7 de agosto de 1993, según enmendada, 3 L.P.R.A. § 402 *et seq.* (Sup. 1998). A.S.S.M.C.A. es un administrador individual para propósitos de la Ley de Personal del Servicio Público de Puerto Rico, 3 L.P.R.A. § 402(s), y está adscrita al Departamento de Salud, 3 L.P.R.A. § 402.

[3] Su expediente estaba incompleto porque faltaba la prueba de que había pagado las cuotas de colegiación al Colegio de Trabajadores Sociales. En cuanto a la falta de disciplina, no surge del "Informe de la Oficial Examinador" cuál era exactamente la conducta impropia de Ramírez Rivera. El Informe se limita a indicar que una carta, que obra en el

Oportunamente, Ramírez Rivera impugnó su traslado ante la Junta de Apelaciones del Sistema de Administración de Personal ("J.A.S.A.P."). Dicho foro celebró vistas públicas, en las cuales se presentó prueba oral y documental. Luego de analizar la prueba, J.A.S.A.P. revocó el traslado por entender que fue uno arbitrario, que representó un mecanismo disciplinario, y que violentó la sección 4.4(5) de la Ley de Personal del Servicio Público de Puerto Rico, 3 L.P.R.A. § 1334(5).

El Departamento de Salud recurrió al Tribunal de Circuito de Apelaciones. Dicho tribunal revocó la decisión de J.A.S.A.P[4], por entender que Ramírez Rivera no fue realmente trasladado a A.S.S.M.C.A., ya que esa agencia era verdaderamente su patrono. El tribunal apelativo determinó que Ramírez Rivera trabajaba para la Secretaría Auxiliar del Departamento de Salud, la cual fue transferida *con todo su personal* a A.S.S.M.C.A., en virtud de la Ley 67, supra, escolio 2. Por tanto, Ramírez Rivera fue parte del personal de la Secretaría Auxiliar que fue transferido a A.S.S.M.C.A., en virtud de dicha ley.

Inconforme, Ramírez Rivera recurrió ante nos, y emitimos orden de mostrar causa por la que no debíamos revocar el dictamen recurrido del Tribunal de Circuito de Apelaciones. Examinado dicho

---

expediente de personal de Ramírez Rivera, informa que el peticionario "anteriormente ha mostrado conducta de indisciplina, insubordinación, faltas de respeto a sus superiores y ha provocado situaciones difíciles en los aspectos de seguridad de la Administración de Corrección". La carta fue dirigida a la Secretaria de Salud tres meses antes del traslado. Determinación de hecho número ocho (8) del Informe de la Oficial Examinador.

[4] En este caso figuran como demandados el Departamento de Salud y A.S.S.M.C.A. No obstante, sólo el primero acudió en revisión al Tribunal de Circuito de Apelaciones y, de igual manera, fue la única parte recurrida que compareció ante nos.

dictamen a la luz de las comparecencias de ambas partes, resolvemos según intimado.

**III**

La sección 4.5 de la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.) dispone que "[l]as *determinaciones de hechos* de las decisiones de las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que obra en el expediente administrativo." 3 L.P.R.A. § 2175 (1992) (énfasis nuestro). Evidencia sustancial es aquella evidencia pertinente que "una mente razonable pueda aceptar como adecuada para sostener una conclusión." Associated Insurance Agencies, Inc. v. Comisionado de Seguros de Puerto Rico, Op. del 26 de noviembre de 1997, 144 D.P.R.___(1997); Hilton Hotels v. Junta de Salario Mínimo, 74 D.P.R. 670, 687 (1953).

La parte afectada por una determinación de hecho de una agencia debe, en primer lugar, "*demostrar que existe otra prueba* en el récord que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración." Misión Industrial de Puerto Rico, Inc., v. Junta de Planificación de Puerto Rico, Op. del 30 de junio de 1998, 146 D.P.R.___(1998); Metropolitana S.E. v. A.R.P.E., Op. del 10 de abril de 1995, 138 D.P.R.___ (1995); y Hilton Hotels v. Junta de Salario Mínimo, supra, pág. 686. Si la parte afectada no demuestra la existencia de esa otra prueba, las determinaciones de hechos de una agencia deben ser sostenidas por el tribunal revisor.

Exigir tal demostración inicial tiene el propósito de evitar que la parte afectada impugne las determinaciones de hechos con meras alegaciones, a la vez que sostiene la presunción de corrección y legalidad de que disfrutan las decisiones administrativas. Véase, Henríquez v. Consejo de Educación Superior, 120 D.P.R. 194, 210 (1987); Catalytic Ind. Maint. Co. v. F.S.E., 121 D.P.R. 98, 101-02 (1988); Murphy Bernabe v. Tribunal Superior, 103 D.P.R. 692, 699 (1975).

Por el contrario, si se le señala al tribunal revisor la prueba que *menoscaba* las determinaciones de hecho de la agencia, el tribunal revisor debe proceder a examinar el expediente administrativo, para determinar si las conclusiones de hecho encuentran apoyo en evidencia sustancial que obra en dicho expediente.

En el caso ante nos, J.A.S.A.P. concluyó que Ramírez Rivera trabajaba para el Programa de Salud Correccional, y no para la Secretaría Auxiliar como sostenía el Departamento de Salud. En su comparecencia ante el tribunal apelativo y ante este Tribunal, el Departamento de Salud se limitó a *alegar* que Ramírez Rivera brindaba sus servicios en la Secretaría Auxiliar.[5] Luego elaboró su argumentación de derecho a base de tal hecho alegado.

---

[5] Ante el Tribunal de Circuito de Apelaciones, el Departamento de Salud alegó que "[e]l apelante siempre fue un empleado del Departamento de Salud adscrito a la Secretaría Auxiliar de Salud Mental", y "[e]l apelante nunca ha sido nombrado ni ha pertenecido al Programa de Salud Correccional". Páginas siete (7) y ocho (8), respectivamente, de la "Solicitud de Revisión" ante el Tribunal de Circuito de Apelaciones. Ante nos, aduce que "[e]l recurrente en este caso NUNCA ha ocupado un puesto en el Programa de Salud Correccional ni ha prestado servicios en éste", y "[e]l recurrente siempre fue un empleado del Departamento de Salud adscrito a la Secretaría

En su escrito ante nos, el Departamento de Salud no demostró que ante J.A.S.A.P. se presentó prueba que sustentara su alegación de que Ramírez Rivera trabajaba en la Secretaría Auxiliar del Departamento de Salud. Como explicáramos, meras alegaciones no son suficiente para impugnar los hechos concluidos por el foro administrativo. El Departamento de Salud tenía que indicarle al Tribunal de Circuito de Apelaciones cuál era la evidencia que menoscababa los hechos concluidos por J.A.S.A.P. En ausencia de tal indicación, el tribunal apelativo no debió alterar los hechos concluidos por la agencia administrativa.

El Tribunal de Circuito de Apelaciones no sólo concluyó, a base de alegaciones, que Ramírez Rivera no trabajaba en el Programa de Salud Correccional, sino que adoptó todos los hechos adicionales alegados por el Departamento de Salud. En esencia esos hechos consisten en que Ramírez Rivera, aunque era supuestamente empleado de la Secretaría Auxiliar, fue enviado al Programa de Salud Correccional de manera *condicional.* La condición para convertirse en empleado oficial del Programa de Salud Correccional era "completa[r] su expediente dentro del término establecido." Dado que Ramírez Rivera no "completó su expediente", su transferencia al Programa de Salud Correccional no se formalizó, y siguió siendo empleado de A.S.S.M.C.A.

De esta forma, resulta claro que el Tribunal de Circuito de Apelaciones sustituyó los hechos que determinó J.A.S.A.P. por aquellos alegados por el Departamento de Salud. Por consiguiente, dicho tribunal ignoró los principios reiterados sobre la revisión judicial de decisiones administrativas.

---

Auxiliar de Salu Mental". Páginas cinco (5) y diez (10),

Nos resta determinar, a la luz de los criterios de revisión judicial de las determinaciones de derecho de las agencias administrativas, si debemos sostener las conclusiones jurídicas de J.A.S.A.P.

**IV**

La conclusiones de derecho de una agencia son "revisables en todos sus aspectos por el tribunal". Sección 4.5 de la L.P.A.U., 3 L.P.R.A. § 2175. Hemos expresado que esto no significa que el tribunal puede descartar libremente las conclusiones e interpretaciones de la agencia concernida, Misión Industrial, supra, sino que, por el contrario, dichas interpretaciones y conclusiones merecen deferencia de los tribunales revisores. Metropolitana S.E. v. A.R.P.E., supra; y La Facultad para las Ciencias Sociales Aplicadas, Inc. v. Consejo de Educación Superior, Op. del 2 de junio de 1993, 133 D.P.R.___ (1993).

En el caso ante nos, J.A.S.A.P. determinó que el traslado del apelante fue utilizado como medida disciplinaria, y que fue uno arbitrario. En otras palabras, el traslado no respondió a necesidades del sistema, ni fue solicitado por Ramírez Rivera. Entendió dicho foro que esa actuación violentó la sección 4.4(5) de la Ley de Personal de Servicio Público, 3 L.P.R.A. § 1334(5). Tal conclusión jurídica es correcta. Veamos.

La sección 4.4(5) de la Ley de Personal de Servicio Público, supra, prohibe claramente tanto un traslado arbitrario, como uno que sea utilizado como medida disciplinaria. Dicha prohibición es "[u]no de los aspectos fundamentales" de dicha ley. Torres Arzola v. Policía de Puerto Rico, 117 D.P.R. 204, 210 (1986). La sección aludida dispone:

---

respectivamente, de la "Moción Mostrando Causa".

"Los traslados no podrán ser utilizados como medida disciplinaria ni podrán hacerse arbitrariamente. Sólo podrán hacerse a solicitud del empleado, o cuando respondan a necesidades del servicio según se establezca mediante reglamento y el traslado no resulte oneroso para el empleado. Se exceptúan de esta disposición aquellos sistemas en que se utilice el concepto de rango."

Las conclusiones de hecho de J.A.S.A.P. indican que el empleado fue trasladado del Programa de Salud Correccional a A.S.S.M.C.A. porque no proveyó cierta documentación relacionada al pago de sus cuotas de colegiación, e incurrió en conducta impropia. Ante tales determinaciones de hecho, es manifiesta la transgresión de la sección 4.4(5) de la Ley de Personal de Servicio Público, supra. Por lo tanto, las conclusiones de derecho de J.A.S.A.P. son correctas.

Por las razones antes expuestas resolvemos que Ramírez Rivera fue trasladado en violación a la Ley de Personal de Servicio Público, supra. Por ende, se expide el auto de certiorari y se dicta Sentencia en la que se revoca la decisión del Tribunal de Circuito de Apelaciones, y se confirma la resolución de J.A.S.A.P.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Franklyn W. Ramírez Rivera

     Demandante

        Vs.                   CC-98-627        Certiorari

Departamento de Salud y
Administración de Salud
Mental y Contra la Adicción

     Demandado

SENTENCIA

San Juan, Puerto Rico, a 26 de marzo de 1999.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte integrante de la presente, se expide el auto de *certiorari*, se revoca la sentencia del Tribunal de Circuito de Apelaciones, y se reinstala la resolución de la Junta de Apelaciones del Sistema de Administración de Personal.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Negrón García y Corrada del Río disienten sin Opinión escrita.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo